## WALSH v. CANE, Administratrix.

Where a partnership has been dissolved by the death of one of its members, a surviving partner cannot, by acknowledging a claim against the partnership, which had been extinguished by prescription before its dissolution, revive the debt as against the partnership. Such an acknowledgment can only affect the person by whom it was made.

APPEAL from the District Court of Bossier, *Olcott, J. Lawson, Terrell* and *Hodge*, for the plaintiff. *Spofford* and *Crain*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff's claim is principally for wages, as clerk in the house of *James H. Crane & Co.*, from 1841 to 1846. The principal ground of defence was that, in consideration of the youth and inexperience of the plaintiff he was not entitled to wages, and was sufficiently compensated by receiving his board and lodging, and mercantile instruction, in the shop of his employers.

The claim of the plaintiff, as presented by him against the estate of a deceased person, was much larger than under any view of the case he ought to have demanded; and this circumstance has induced us to scrutinize closely the voluminous testimony adduced by him. On the other hand, we are not permitted to overlook the fact that two juries of the vicinage have taken a favorable view of his claim for wages, although, on each occasion, they largely reduced his demand.

The result of our examination of the evidence is the conclusion, that the plaintiff is entitled to wages for at least a portion of his time of service. But a plea of prescription was made, which has not been successfully resisted, and which therefore excludes any claim for services rendered more than three years before the institution of the suit. Civil Code, 3503.

The effort of the plaintiff to escape the plea of prescription, by imputation of certain sums due to him in account current by *J. H. Crane & Co.*, is inconsistent with the entries and balances in the account books made by himself.

The plaintiff relies upon an acknowledgment, said to have been made by one of the commercial firm of *J. H. Crane & Co.*, after the death of *James H. Crane* and the consequent dissolution of the firm. It is obvious that the surviving debtor could not affect the estate of the deceased by renouncing prescription, and thus destroy an acquired right. The liability of *Crane's* estate was already extinguished for services rendered more than three years previous, and the acknowledgment of the surviving debtor affected himself only. Troplong, Prescr., no. 629. Pothier, Oblig., no. 700.

It is therefore decreed, that the principal sum nominated in the judgment be reduced so as to be $900, instead of $1819 46, and that, so amended, the judgment be affirmed; the costs of the appeal to be paid by the plaintiff.